# EXHIBIT A

**SUM-100**

# SUMMONS
### *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Essilor of America, Inc., a Delaware Corporation, and DOES 1-100,

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Petrita Stout

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER:<br>*(Número del caso):* **289554** |
|---|---|

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Tulare County Superior Court, State of California
221 S. Mooney Blvd #201
Visalia, CA 93291

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Charles Trudrung Taylor 127105 LANG, RICHERT & PATCH   559-228-6700
5200 N. Palm Avenue, Suite 401
Fresno, CA

DATE: **NOV 2 4 2021**   **Stephanie Cameron** Clerk, by **Leticia Hernandez-Sandoval**, Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

ESSILOR OF AMERICA, INC., a Delaware

3. ☒ on behalf of *(specify)*: Corporation
under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Stout, Petrita

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Charles Trudrung Taylor 127105<br>LANG, RICHERT & PATCH<br>5200 N. Palm Avenue, Suite 401<br>Fresno, CA<br>TELEPHONE NO: 559-228-6700   FAX NO. *(Optional):* 559-228-6727<br>E-MAIL ADDRESS: ctt@lrplaw.net<br>ATTORNEY FOR *(Name):* Plaintiff PETRITA STOUT | **FILED**<br>TULARE COUNTY SUPERIOR COURT<br>VISALIA DIVISION<br><br>NOV 24 2021<br><br>STEPHANIE CAMERON, CLERK<br>BY: Leticia Hernandez-Sandoval |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF TULARE
STREET ADDRESS: 221 S. Mooney Blvd #201
MAILING ADDRESS:
CITY AND ZIP CODE: Visalia, CA 93291
BRANCH NAME:

CASE NAME: Stout v. Essilor of America, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | # 289554<br>JUDGE:<br>DEPT:   BY FAX |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/22/2021

Charles Trudrung Taylor
(TYPE OR PRINT NAME)                              ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

Stout, Petrita

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
    Auto (22)–Personal Injury/Property
        Damage/Wrongful Death
    Uninsured Motorist (46) (*if the
        case involves an uninsured
        motorist claim subject to
        arbitration, check this item
        instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/
          Wrongful Death
    Product Liability (*not asbestos or
      toxic/environmental*) (24)
    Medical Malpractice (45)
        Medical Malpractice–
          Physicians & Surgeons
        Other Professional Health Care
          Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip
          and fall)
        Intentional Bodily Injury/PD/WD
          (e.g., assault, vandalism)
        Intentional Infliction of
          Emotional Distress
        Negligent Infliction of
          Emotional Distress
        Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business
      Practice (07)
    Civil Rights (e.g., discrimination,
      false arrest) (*not civil
      harassment*) (08)
    Defamation (e.g., slander, libel)
      (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice
          (*not medical or legal*)
    Other Non-PI/PD/WD Tort (35)

**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease
          Contract (*not unlawful detainer
          or wrongful eviction*)
        Contract/Warranty Breach–Seller
          Plaintiff (*not fraud or negligence*)
        Negligent Breach of Contract/
          Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open
      book account) (09)
        Collection Case–Seller Plaintiff
        Other Promissory Note/Collections
          Case
    Insurance Coverage (*not provisionally
      complex*) (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute

**Real Property**
    Eminent Domain/Inverse
      Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property (*not eminent
          domain, landlord/tenant, or
          foreclosure*)

**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) (*if the case involves illegal
      drugs, check this item; otherwise,
      report as Commercial or Residential*)

**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court
          Case Matter
        Writ–Other Limited Court Case
          Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor
          Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims
      (*arising from provisionally complex
      case type listed above*) (41)

**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of
          County)
        Confession of Judgment (*non-
          domestic relations*)
        Sister State Judgment
        Administrative Agency Award
          (*not unpaid taxes*)
        Petition/Certification of Entry of
          Judgment on Unpaid Taxes
        Other Enforcement of Judgment
          Case

**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint (*not specified
      above*) (42)
        Declaratory Relief Only
        Injunctive Relief Only (*non-
          harassment*)
        Mechanics Lien
        Other Commercial Complaint
          Case (*non-tort/non-complex*)
        Other Civil Complaint
          (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
    Partnership and Corporate
      Governance (21)
    Other Petition (*not specified
      above*) (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult
          Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief From Late
          Claim
        Other Civil Petition

Assigned to Judicial Officer___David C. Mathias

For All Purposes

**FILED**
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

**NOV 24 2021**

STEPHANIE CAMERON, CLERK
BY: Alicia Hernandez-Sandoval

CASE MANAGEMENT CONFERENCE

Hearing Date: 3.24.22
Time: 8:30AM
Department: dept. 1

Charles Trudrung Taylor, #127105
Kimberly L. Mayhew, #199105
Lang, Richert & Patch
Post Office Box 40012
Fresno, California 93755-0012
(559) 228-6700 Phone
(559) 228-6727 Fax
ctt@lrplaw.net
klm@lrplaw.net

Attorneys for Plaintiff, Petrita Stout

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF TULARE

| | |
|---|---|
| PETRITA STOUT, | Case No.  **#  289554** |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR:** |
| v. | 1. **FAILURE TO PAY OVERTIME WAGES [Labor Code, § 510];** |
| ESSILOR OF AMERICA, INC. a Delaware Corporation, and DOES 1-100, | 2. **FAILURE TO PROVIDE MEAL BREAKS [Labor Code, §§ 226.7; 512];** |
| Defendants. | 3. **FAILUE TO PROVIDE REST BREAKS [Labor Code, § 226.7];** |
| | 4. **FAILUE TO PROVIDE ACCURATE WAGE STATEMENTS [Lab. Code, § 226]; and** |
| | 5. **UNLAWFUL, UNFAIR, AND/OR DECEPTIVE BUSINESS PRACTICES [Bus. & Prof. Code, § 17200 et seq.]** |
| | **JURY TRIAL DEMANDED** |

BY FAX

Plaintiff, PETRITA STOUT ("Plaintiff" or "STOUT"), does hereby complain against Defendant ESSILOR OF AMERICA, INC. ("Defendant" or "ESSILOR") as follows:

**INTRODUCTION**

1.     This is a wage and hour action involving violations of California labor laws protecting worker wages. ESSILOR denied minimum wages, overtime, and meal and rest breaks by improperly classifying Plaintiff as an exempt employee.

///

**JURISDICTION AND VENUE**

2.    Venue is proper under California Civil Procedure section 393 because the harms and obligations sued upon were incurred and occurred in Tulare County. This Court is the proper court for the trial of this action.

3.    Jurisdiction is premised upon the fact that the damages suffered by Plaintiff are in excess of the minimum sum required for jurisdiction in the Superior Court of the State of California.

4.    Venue and jurisdiction are proper in Tulare County as a substantial amount of the transactions, wrongful conduct and resulting harm to Plaintiff occurred in Tulare County.

5.    This court is the proper court in which to bring this action because the wrongful acts alleged occurred in its jurisdictional area and venue. The damages are in excess of the court's jurisdictional limits. Defendants, and each of them, at all times mentioned herein, maintained a substantial presence in Tulare County, California.

**THE PARTIES**

6.    Plaintiff STOUT is, and all times relevant was, an individual working in the County of Tulare, and an employee of Defendant Essilor of America, Inc.

7.    Defendant ESSILOR, is and at all times mentioned herein was, the employer of Plaintiff. Defendant Essilor of America, Inc., a Delaware Corporation, was operating under the laws of the State of California and was operating in Tulare County, California.

8.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by defendants' conduct.

9.    Plaintiff knows the identities of DOES 51 through 100, inclusive, believes that they have damaged her, but is unaware of their capacity or conduct as described in this complaint. Because Plaintiff is ignorant of their capacity or conduct, she sues them fictitiously.

1     Plaintiff will seek leave to amend the Complaint when she has knowledge of facts indicating

2     the true nature of their capacity and conduct in the events described in this Complaint.

3        10.     Plaintiff is informed and believes and thereon alleges that at all times herein

4     mentioned each of the defendants were the agent and employee of each of the remaining

5     defendants and, in doing the things hereinafter alleged, were acting within the course and scope

6     of such agency and employment.

7                        **BACKGROUND ALLEGATIONS**

8        11.     ESSILOR hired STOUT on or about January 2, 1996, as a Lab Technician

9     where she worked manufacturing and tinting optical lenses for the optical lens manufacturing

10    company.

11        12.     After over twenty years of employment, on or about February 1, 2018, STOUT

12    was misclassified as an exempt employee and began being paid a salary instead of an hourly

13    wage. From 2018 to 2021, STOUT often worked more than forty (40) hours a week, and more

14    than ten (10) hours a day with one or less meal breaks per day.

15        13.     Throughout STOUT's employment with ESSILOR as a lab supervisor, her

16    responsibilities and duties included inspecting and spotting lenses to prepare them for

17    blocking, blocking lenses, receiving lenses to prepare them to be paired to the correct frame,

18    pulling frames to tray up with lenses, pulling stock lenses to match to work tickets, wash

19    glasses and prepare them for mailing, all while filling in any positions which needed to be

20    filled in the production line due to understaffing.

21        14.     STOUT's responsibilities and duties did not involve the performance of office

22    or non-manual work directly related to management policies or general business operations.

23    On the contrary, STOUT only performed manufacturing work which was under the direct

24    supervision of ESSILOR's supervisors, where she exercised little to no discretion and

25    independent judgment on the manufacturing of the eyeglass lenses.

26        15.     STOUT, as a lab supervisor for ESSILOR, did not have the authority to hire and

27    fire employees, she did not customarily or regularly exercise discretion or independent

28    judgement, and most importantly, did not perform executive duties more than half of the time.

1    16.    STOUT spent the majority of her time as an employee manufacturing eyeglass

2    lenses, including, but not limited to, edging, spotting, blocking, and processing lenses as per

3    their specification. STOUT spent about 10-15% of her day performing administrative work

4    such as ordering supplies, inputting information, and checking emails.

5    17.    On or about July 14, 2021, STOUT received a demotion from a human

6    resources manager named, ERICA ABRAM ("ERICA"), due to an allegation of misconduct,

7    which she denied and signed in protest. STOUT is now an hourly employee performing the

8    same tasks she performed as a supervisor.

9    **FIRST CAUSE OF ACTION**

10    **FAILURE TO PAY MINIMUM AND OVERTIME WAGES**

11    [Cal. Labor Code, §§ 510, 1194]

12    18.    STOUT incorporates by reference all allegations and statements of law set forth

13    in this complaint.

14    19.    Plaintiff, STOUT was employed by Defendant, ESSILOR continuously from

15    1996 to 2021.

16    20.    California Labor Code section 1194, subdivision (a) provides, in part:

17    Notwithstanding any agreement to work for a lesser wage, any
     employee receiving less than the legal minimum wage or the
18    legal overtime compensation applicable to the employee is
     entitled to recover in a civil action the unpaid balance of the full
19    amount of this minimum wage or overtime compensation,
     including interest thereon, reasonable attorney's fees, and costs
20    of suit.

21    21.    California Labor Code section 510 provides, in part:

22    Eight hours of labor constitutes a day's work. Any work in
     excess of eight hours in one workday and any work in excess
23    of 40 hours in any one workweek and the first eight hours
     worked on the seventh day of work in any one workweek shall
24    be compensated at the rate of no less than one and one-half times
     the regular rate of pay for an employee. Any work in excess
25    of 12 hours in one day shall be compensated at the rate of
     no less than twice the regular rate of pay for an employee.
26    In addition any work in excess of eight hours on any seventh
     day of a workweek shall be compensated at a rate of no less than
27    twice the regular rate of pay of an employee.

28    ///

4

COMPLAINT FOR DAMAGES, RESTITUTION, AND EQUITABLE RELIEF

22. On numerous occasions, STOUT worked an excess of eight (8) hours in a single work day and an excess of forty (40) hours in a single workweek, as stated herein.

23. ESSILOR failed to compensate STOUT for those hours worked in excess of eight hours in a single workday and/or in excess of forty hours in a single workweek, as stated herein.

24. ESSILOR knew or should have known that STOUT worked overtime hours since 2018, as the majority of her shifts exceeded 8 hours per day.

25. Pursuant to Labor Code section 510, STOUT is entitled to one and one half her regular rate of compensation for each hour worked over 8 hours in one day, and a rate of twice her regular rate for each hour worked over 12 hours in one day.

26. Pursuant to Labor Code section 1194, subdivision (a), STOUT is entitled to the unpaid balance of the overtime compensation owed, including interest and penalties.

27. Pursuant to Labor Code section 1194, subdivision (a), STOUT is entitled to seek reasonable attorney's fees and costs.

28. As a result of ESSILOR's failure to compensate STOUT for overtime hours, STOUT has suffered damages in the form of unpaid wages, in an amount according to proof.

WHEREFORE, STOUT prays for damages as hereinafter set forth.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE ALL MEAL PERIODS DUE

[Cal. Labor Code, §§ 226.7, 512]

29. STOUT incorporates by reference all allegations and statements of law set forth in this complaint.

30. During the time ESSILOR employed STOUT she was not permitted to take all of her 30 minute meal breaks in violation of Labor Code sections 226.7 and 512. ESSILOR failed to provide STOUT with the opportunity to take her second uninterrupted meal breaks.

31. Pursuant to Labor Code section 226.7, STOUT is entitled to one additional hour of pay at her regular rate of compensation for each day of work that STOUT worked for which a meal break was not taken.

COMPLAINT FOR DAMAGES, RESTITUTION, AND EQUITABLE RELIEF

1    32.    ESSILOR's violations, as herein stated, constitute an Unfair Business Practice

2    in violation of Business and Professions Code section 17200, thus extending the statute of

3    limitations to four years.

4    33.    As a result of ESSILOR's failure to provide meal breaks, STOUT has suffered

5    damages in the form of unpaid wages in an amount according to proof.

6    WHEREFORE, STOUT prays for damages as hereinafter set forth.

7    **THIRD CAUSE OF ACTION**

8    **FAILURE TO PROVIDE ALL REST PERIODS**

9    [Cal. Labor Code, §§ 226.7, 512]

10   34.    STOUT incorporates by reference all allegations and statements of law set forth

11   in this complaint.

12   35.    During the time ESSILOR employed STOUT she was not permitted to take all

13   of her rest breaks in violation of Labor Code sections 226.7 and 512.  ESSILOR failed to

14   provide STOUT with the opportunity to take uninterrupted rest breaks for every two hours

15   worked.

16   36.    Pursuant to Labor Code section 226.7, STOUT is entitled to one additional hour

17   of pay at STOUT's regular rate of compensation for each day of work that STOUT worked for

18   which a rest break was not made available.

19   37.    ESSILOR violations, as herein stated, constitute an Unfair Business Practice in

20   violation of Business and Professions Code section 17200, thus extending the statute of

21   limitations to four years.

22   38.    As a result of ESSILOR's failure to provide rest breaks, STOUT has suffered

23   damages in the form of unpaid wages in an amount according to proof.

24   WHEREFORE, STOUT prays for damages as hereinafter set forth.

25   ///

26   ///

27   ///

28   ///

6
COMPLAINT FOR DAMAGES, RESTITUTION, AND EQUITABLE RELIEF

1    **FOURTH CAUSE OF ACTION**

2    **FAILURE TO PROVIDE ACCURATE WAGE STATMENTS**

3    [Cal. Labor Code, §§ 226]

4        39.    STOUT incorporates by reference all allegations and statements of law set forth

5    in this complaint.

6        40.    California Labor Code Section 226 provides, in relevant part:

7            (a) An employer, semimonthly or at the time of each payment of
wages, shall furnish to his or her employee, either as a detachable

8            part of the check, draft, or voucher paying the employee's wages,
or separately if wages are paid by personal check or cash, an

9            accurate itemized statement in writing showing (1) gross wages
earned, (2) total hours worked by the employee, except as provided

10           in subdivision (j), (3) the number of piece-rate units earned and
any applicable piece rate if the employee is paid on a piece-rate

11           basis, (4) all deductions, provided that all deductions made on
written orders of the employee may be aggregated and shown as

12           one item, (5) net wages earned, (6) the inclusive dates of the period
for which the employee is paid, (7) the name of the employee and

13           only the last four digits of his or her social security number or an
employee identification number other than a social security

14           number....

15       41.    During the time ESSILOR employed STOUT, ESSILOR failed to provide

16   STOUT with statutorily compliant itemized wage statements, in violation of Labor Code

17   section 226.

18       42.    The wage statements ESSILOR provided to STOUT failed to contain the total

19   hours worked by STOUT, the correct wages earned, all applicable rates of pay, and total net

20   wages earned, as required by Labor Code section 226, subdivision (a).

21       43.    ESSILOR's failure to provide STOUT with accurate wage statements was

22   knowing and intentional.

23       44.    As a direct result of ESSILOR's willful failure to provide STOUT with accurate

24   itemized wage statements, STOUT is entitled to recover damages and penalties up to $4,000.00

25   pursuant to Labor Code section 226(e).

26       45.    Pursuant to Labor Code section 226, subdivision (e), STOUT is entitled to

27   recover reasonable attorneys' fees and costs.

28       WHEREFORE, STOUT prays for damages as hereinafter set forth.

7

COMPLAINT FOR DAMAGES, RESTITUTION, AND EQUITABLE RELIEF

## FIFTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

[Cal. Bus. & Prof. Code, §§ 17200 et. seq.]

46.     STOUT incorporates by reference all allegations and statements of law set forth in this complaint.

47.     STOUT is informed and believes and thereon alleges that as early as, or earlier than four years prior to the filing of this Complaint, ESSILOR has engaged in unfair business practices in California by failing to pay its workers employment compensation as required by the California Labor Code, and the applicable Industrial Welfare Commission Order No. 1-2001, as alleged above. ESSILOR's utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over ESSILOR's competitors.

48.     ESSILOR, in failing or refusing to pay employees all owed wages, pay overtime, and provide accurate wage statements, as alleged above, has likewise failed to pay the appropriate amount of the employer's share of payroll taxes due and owing to the State, as well.

49.     STOUT seeks, on her own behalf, for the past four years, full restitution and disgorgement of all employment compensation wrongfully withheld, as necessary and according to proof, to restore any and all monies withheld, acquired, and/or converted by ESSILOR by means of the unfair and unlawful practices complained of herein. The restitution and disgorgement requested includes all wages earned and unpaid, including interest thereon. The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the complaint in this matter and continue to the present.

50.     STOUT is informed and believes and thereon alleges that at all times herein mentioned, ESSILOR was engaged in unlawful, deceptive, and unfair business practices, as proscribed by the California Business and Professions Code section 17200 et. seq., by depriving STOUT of the protections due to her under the California Labor Code and the applicable Industrial Welfare Commission Wage Order.

/ / /

51.     Business and Professions Code Section 17200 et. seq. prohibits act of unfair Competition, which shall mean and include any unlawful, unfair, or fraudulent business acts or practices. Under California Law, wages unlawfully withheld from an employee constitutes an unfair business act, entitling STOUT to a restitution remedy authorized by section 17203.

52.     Due to ESSILOR's unfair business practices, STOUT has suffered and continues to suffer damages in the form of unpaid wages in an amount according to proof.

WHEREFORE, STOUT prays for damages as hereinafter set forth.

**PRAYER FOR RELIEF**

Wherefore STOUT prays for judgment against Defendants, and each of them, as follows:

53.     For a money judgment representing compensatory damages including lost wages and earnings, retirement benefits, and other employee benefits, restitution, disgorgement, penalties, and all other sums of money, together with interest on these amounts, to be proved at trial;

54.     For restitution, disgorgement, and all other equitable relief to the extent allowed by law.

55.     For overtime wages as required by law and for associated penalties related to the violations of the Labor Code and applicable Industrial Welfare Commission Order and available under each cause of action, in an amount to be proved at trial;

56.     An order imposing an asset freeze in constructive trust of Defendants' ill-gotten gains, and enjoining Defendants from failing and refusing to disgorge all monies acquired by means of any act or practice declared by this Court to constitute unlawful, unfair, or fraudulent business acts or practices;

57.     For reasonable attorneys' fees and costs pursuant to California Labor Code sections 266, subdivision (e), 1194, and 218.5 California Code of Civil Procedure section 1021.5, and any other appropriate legal authority as provided by statute;

58.     For pre-judgment and post-judgment interest as allowed by California Labor Code 218.6 and California Civil Code section 3287; and

COMPLAINT FOR DAMAGES, RESTITUTION, AND EQUITABLE RELIEF

59.     For all other relief the Court deems just and proper in the premises.

Dated: November 22, 2021                    LANG, RICHERT & PATCH, P.C.

By _____
Charles Trudrung Taylor
Attorney for Plaintiff,
PETRITA STOUT

## JURY DEMAND

PLAINTIFF requests to try each and every factual issue raised by each and every cause of action alleged above to a jury to the extent authorized by law.

Dated: November 22, 2021                    LANG, RICHERT & PATCH, P.C.

By _____
Charles Trudrung Taylor
Attorney for Plaintiff,
PETRITA STOUT



## Superior Court of the State of California

**COUNTY OF TULARE**
CIVIL LEGAL PROCESSING
221 S. Mooney Blvd., Room 201
Visalia, California 93291
Telephone: (559) 730-5000

## ALTERNATIVE DISPUTE RESOLUTION PACKAGE

This is Tulare County Superior Court's Alternative Dispute Resolution (ADR) Package. The package contains:

1. The court's current ADR Referral List;

2. Tulare County Superior Court's Local Rule 600 on Case Management Conferences;

3. Information about ADR.

At the time a civil complaint is filed, the clerk will issue a hearing date and time for the Case Management Conference (CMC). This information is placed on the front page of the complaint. Plaintiff must serve notice of the CMC hearing and this ADR Package on each defendant with the summons and complaint.

**All parties appearing in the action are ordered to meet and confer prior to the CMC date regarding an agreed upon mediator and mediation date and time under Local Rule 600(a)(5).**

Each party must file and serve a CMC statement on Judicial Council form CM-110 no later than 15 calendar days before the CMC hearing under California Rules of Court, rule 3.725 and Local Rule 600(a)(6).

Counsel and unrepresented parties are required to be present, either in person or by CourtCall (See Local Rule 108 regarding CourtCall), at the CMC hearing and have authority to enter into a mediation agreement if the parties have agreed to mediate. Each party appearing shall also have sufficient information and understanding of the case in order to evaluate it accurately.

**Please be advised that monetary and/or terminating sanctions shall be imposed against parties and counsel who fail to comply with state and local rules regarding case management conferences without good cause.**

## CHAPTER 6 – MANAGING CIVIL CASES

Rule 600 – Case Management Conference

(a)  The Judicial Council has implemented state rules for the management of civil cases (Cal. Rules of Court, Chapter 2 Trial Court Management of Civil Cases, rules 10.900, et. Seq.).

In recognition of the state rules requiring the court to implement a case management Plan, the court elects to follow California Rules of Court, rule 3.714.

(1)  At the time the complaint is filed, the clerk will issue a hearing date for the Case Management Conference (CMC) to plaintiff that is no less than 120 days after the filing of the complaint. The clerk will also provide the Plaintiff with the court's Alternative Dispute Resolution (ADR) package including the list of the names of the mediators who have applied and met the court's mediation/arbitration qualifications pursuant to the program adopted by the court under California Rules of Court, rule 10.781. Plaintiff must serve a Notice of CMC and the ADR package on each defendant along with the summons and complaint.

(2)  Any party who files and serves a cross-complaint prior to the CMC must serve on each cross-defendant who is a new party to the action, a copy of the Notice of CMC and the ADR package along with the summons and cross-complaint. If a new cross-defendant is served after the initial CMC, the cross-complainant must serve the new cross-defendant with notice of any pending CMC, any assigned mediation date, trial, or settlement conference dates, and any other dates set by the court or orders made at the CMC.

(3)  If the plaintiff adds a new defendant or identifies a fictitiously named defendant after the initial CMC, along with the summons and complaint, plaintiff must serve the newly named defendant with notice of any pending CMC, any pending mediation date, any assigned trial and settlement conference dates, and any other dates set by the court or orders made at the CMC.

(4)  Proof of service of Notice of the CMC must be filed with the court within 60 days from the date the complaint is filed and may be included in the proof of service of the summons and complaint or cross-complaint.

(5)  This court has found that mediation is highly desirable and orders the parties to meet and confer prior to the CMC date regarding an agreed upon mediator and mediation date and time. A list of mediators and their fees are provided by the court in its ADR package. The mediator must be agreed upon before the CMC and the mediation date and time cleared with the mediator so the court may enter the date in the court's minute order.

(6)  Under California Rules of Court, rule 3.725, no later than 15 calendar days before the date set for the CMC, each party must file a CMC statement and serve it on all other parties in the case. Parties must use the mandatory CMC Statement (Judicial Council form CM-110). All applicable items on the form must be completed.

(7) In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

(b) Presence Required – Counsel and unrepresented parties are required to be present, either in person or by telephonic appearance pursuant to The Superior Court of Tulare County, Local Rules, rule 108, and must have: (1) sufficient information and understanding of the case to evaluate it accurately, and (2) sufficient authority to enter into binding agreements such as the diversion of the case to arbitration, including binding arbitration, the setting of a trial date and mandatory settlement conference date, the dismissal of doe defendants or other parties, and the setting of a further case management conference.

(c) Compliance – Failure to attend the case management conference will result in the court making whatever orders and imposing whatever sanctions as may be necessary and appropriate to obtain compliance with these rules, including but not limited to, a waiver of the right to a jury trial and a waiver of the right to object to a referral to arbitration or other alternate dispute resolution procedure.

(d) Waiver of Notice – When all parties are present at the case management conference and a trial date and settlement conference dates are agreed to by the parties or ordered by the court, such presence is an effective waiver of a separate or formal notice of settlement conference and trial date. (01/01/03) (Revised 01/01/07, 01/01/09) (07/01/11)

## Alternative Dispute Resolution

There are different processes available to settle lawsuits without having to go to trial. The most common forms of ADR are Mediation, Arbitration, and Case Evaluation. In ADR, a trained, impartial person decides disputes or helps the parties reach resolutions of their disputes for themselves. The persons are neutrals who are normally chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

## Advantages of ADR

- Often quicker than going to trial, a dispute may be resolved in a matter or days or weeks instead of months or years.

- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.

- Can permit more participation, allowing the parties the opportunity to tell their side of the story with more control over the outcome.

- Allows for flexibility in choice of ADR processes and resolution of the dispute.

- Fosters cooperation by allowing the parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.

- Often less stressful than litigation. Most people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral before the lawsuit becomes costly. ADR has been used to resolve disputes even after trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute. The neutral may charge a fee for his or her services. If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs, such as attorney's fees and expert fees.

Lawsuits must be brought within specified periods of time, known as Statutes of Limitations. Parties must be careful not to let a Statute of Limitation run while a dispute is in an ADR process.

## The Most Common Types of ADR

### Mediation

In mediation, the mediator (a neutral) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do. It is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other. Mediation normally leads to better relations between the parties and to lasting resolutions. It is particularly effective when parties have a continuing relationship, such as neighbors or businesses. It also is very effective where personal feelings are getting in the way of a resolution. Mediation normally gives the parties a chance to freely express their positions. Mediation can be successful for victims seeking restitution from offenders. When there has been violence between the parties, a mediator can meet separately with the parties.

### Arbitration

In arbitration, the arbitrator (a neutral) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation whereby the mediator helps the parties reach their won resolution. Arbitration normally is more informal, quicker, and less expensive than a lawsuit. In a matter of hours, an arbitrator often can hear a case that otherwise may take a week in court to try. This is because the evidence can be submitted by documents rather than by testimony.

**There are Two Types of Arbitration in California**

1. **Private arbitration** by agreement of the parties involved in the dispute. This type takes place outside of the court and normally is binding. In most cases, "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.

2. **Judicial arbitration** ordered by the court. The arbitrator's decision is not binding unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not receive a more favorable result at trial, the party may have to pay a penalty.

** A Current list of approved mediators is provided on pages 6 – 8.**

| ADR REFERRAL LIST<br>November 2021 | | |
|---|---|---|
| **NAME** | **HOURLY RATE** | **PROFILE INFORMATION** |
| Honorable Howard R. Broadman (Ret.)<br>300 N. Willis<br>Visalia, CA. 93291<br>Phone: (559) 738-1800<br>Fax: (559) 738-1102<br>Email:<br>judgebroadman@judgebroadman.com<br>admin@judgebroadman.com | $475.00 per hour | Click Here<br><br>Resume on file |
| Kenneth M. Byrum<br>5080 California Ave #200<br>Bakersfield, CA 93309<br>Phone: (661) 861-6191<br>Fax: (661) 861-6190<br>Email: ken@kmbmediation.com | $300.00 per hour | Click Here<br><br>Resume on file |
| Russell D. Cook<br>1233 West Shaw, Suite 100<br>Fresno, CA 93711<br>Phone: (559) 225-2510<br>Fax: (559) 229-3941<br>Email: rdcook@rdcooklaw.com | $285.00 per hour | Click Here<br><br>Resume on file |
| M. Troy Hazelton<br>3585 W. Beechwood Ave, Suite 101<br>Fresno, CA 93711<br>Phone: (559) 431-1300<br>Fax: (559) 431-1442<br>Email: Thazelton@pgllp.com | $195.00 per hour | Click Here<br><br>Resume on file |
| Lee M. Jacobson<br>1690 W. Shaw Avenue, Suite 201<br>Fresno, CA 93711<br>Phone: (559) 448-0400<br>Fax: (559) 448-0123<br>Email: lmj@jhnmlaw.com | $290.00 per hour | Click Here<br><br>Resume on file |
| Honorable Patrick J. O'Hara (Ret.)<br>300 N. Willis<br>Visalia, CA. 93291<br>Phone: (559) 429-4570<br>Fax: (559) 429-4575<br>Email: judgeohara@judgeohara.com<br>Website: www.judgeohara.com | $475.00 per hour | Click Here<br><br>Resume on file |

| | | |
|---|---|---|
| Leah Catherine Launey<br>42490 Kaweah River Drive<br>Three Rivers, CA 93271<br>Phone: (559) 561-4270<br>Fax: (559) 561-4273<br>Email: lclauney@lanneymediation.com | $175.00 per hour<br>2 hour minimum | Click Here<br><br>Resume on file |
| Kevin G.Little<br>1099 E. Champlain Drive, Suite A-124<br>Fresno, CA 93720<br>Phone: (559)708-4750<br>Fax: (559)420-0830<br>Email: kevinglittle@yahoo.com | $200.00 per hour<br>2 hour minimum | Click Here<br><br>Resume on file |
| Linda Luke<br>632 W. Oak Avenue<br>Visalia, CA. 93291<br>Phone: (559) 733-9505<br>Fax: (559) 733-3910<br>Email: linda.luke@icloud.com | $275.00 per hour | Click Here<br><br>Resume on file |
| Douglas E. Noll<br>P.O. Box 2336<br>Clovis, CA. 93613<br>Phone: 800-785-4487<br>Fax: 877-765-1353<br>Email: doug@nollassociates.com | $400 per hour<br>4 hour minimum | Click Here<br><br>Resume on file |
| Honorable Robert. H. Oliver (Ret.)<br>5260 N. Palm Ave, Fourth Floor<br>Fresno, CA 93704<br>Phone: (559)432-5400 or (559)313-6285<br>Fax: (559) 432-5620<br>Email: roliver@bakermanock.com | $400.00 per hour (2<br>Hour Minimum) | Click Here<br><br>Resume on file |
| James M. Phillips<br>8080 N. Palm Ave, Suite 101<br>Fresno, CA 93711<br>Phone: (559) 261-9340<br>Fax: (888) 974-4321<br>Email: phillipsgp@aol.com | $340.00 per hour | Click Here<br><br>Resume on file |
| Michael Renberg<br>1540 E. Shaw Ave, Suite 123<br>Fresno, CA 93710<br>Phone: (559) 431-6300<br>Fax: (559) 432-1018<br>Email: mrenberg@prcclaw.com | $240.00 per hour | Click Here<br><br>Resume on file |

| Laurie Quigley Saldana<br>791 Price Street. #323<br>Pismo Beach, CA. 93449<br>Phone: (559) 730-1812<br>Email: laurie@mediationcentral.net | $350.00 per hour | Click Here<br><br>Resume on file |
| --- | --- | --- |
| Andrew R. Weiss<br>7109 North Fresno Street, Suite 250<br>Fresno, CA 93720<br>Phone: (559) 438-2080<br>Cell: (559) 259-4663<br>Email: aweiss@weissmartin.com | $300.00 per hour | Click Here<br>Resume on file |